York Motor Express Company v. Commissioner.
York Motor Express Co. v. Commissioner
Docket No. 110963.
United States Tax Court
1943 Tax Ct. Memo LEXIS 441; 1 T.C.M. (CCH) 638; T.C.M. (RIA) 43091; February 19, 1943
*441 Robert C. Fluhrer, Esq., 35 N. George St., York, Pa., for the petitioner. Myron S. Winer, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: The Commissioner determined deficiencies in income tax of $3,170.94 and $2,191.62 for the taxable years 1938 and 1939, respectively. The sole issue is whether or not respondent allowed the proper amount of depreciation in those years. All of the facts have been stipulated and as stipulated are adopted as our findings of fact. Only those necessary to an understanding of the issue will be set forth herein. [The Facts] Petitioner is a Pennsylvania corporation with its principal place of business at York, Pennsylvania. Its income and excess-profits tax returns for the taxable years were filed with the collector of internal revenue at Philadelphia, Pennsylvania. In its returns petitioner designated its business as "transporting freight by motor trucks." In its return for 1937 petitioner deducted the amount of $70,382.83 as depreciation on trucks, trailers, and tractors. This depreciation was computed at the rates of 33 1/3 percent, 25 percent and 33 1/3 percent, respectively. In that year petitioner had a net loss of $2,715.15. *442 In its income and excess-profits tax returns for the years 1938 and 1939 petitioner computed depreciation on its trucks, trailers and tractors at the rate of 25 percent and it made no deduction for residual (salvage) value before computing depreciation. In the notice of deficiency respondent computed depreciation upon the basis of a 5-year life for the trucks and trailers and on a 7-year life for the tractors. He deducted from the cost basis the depreciation previously claimed by petitioner and also a residual value of $300 for each tractor and trailer and $200 for each truck. The parties now stipulate that the useful life computed by respondent for 1938 and 1939 is correct. The residual values placed on the equipment by respondent in his notice of deficiency are as nearly correct as can be determined prior to the disposition of the equipment. During the year 1940 petitioner discovered for the first time that the rates of depreciation used by it on trucks, tractors and trailers for the years 1937, 1938 and 1939 were excessive. [Opinion] Petitioner contends that since respondent has determined different useful lives than those which it used in its return for 1937, the year *443 1937 should be readjusted using the same rates as those it admits are correct for the years 1938 and 1939. It contends that the longer lives should not be applied in the year 1938 and 1939 to a basis reduced by the excessive depreciation which it claimed in its return for 1937. In any event, petitioner contends that the adjusted basis upon which the depreciation is computed should be increased at least in the amount of $2,715.15, the net loss which petitioner sustained for the year 1937. Petitioner also contends that the rates should be applied to the full remaining cost basis without regard to the residual value or in any event that the residual value should be less in amount than that used by respondent. Respondent contends that the amount of depreciation taken in 1937 was allowed within the meaning of section 114 (a) and section 113 (b) (1) (B) of the Revenue Act of 1936. He contends that we can not adjust the basis for depreciation by taking into account the net loss of petitioner in the year 1937 since petitioner had failed to prove that the depreciation claimed for that year was excessive upon the facts then known to petitioner. See Pittsburgh Brewing Co. v. Commissioner, 107 Fed. (2d) 155. *444 But see Helvering v. Virginian Hotel Corporation of Lynchburg, 132 Fed. (2d) 909. Respondent contends the residual value is a proper deduction from basis before applying the depreciation rate, and he further contends that petitioner has not proved that the residual values which he used in determining the deficiencies were erroneous. The parties stipulated as follows: The rates of depreciation on tractors, trucks and trailers used by the petitioner on its income and excess-profits tax returns for the years 1937, 1938 and 1939 were based on facts known to the petitioner at that time. * * * Petitioner has not shown error in the rate used by it in computing the depreciation claimed in 1937. We have no facts upon which we could determine that the rate used by it was excessive. Petitioner contends that if the rates determined by respondent and approved by petitioner for 1938 and 1939 are proper then the same rates are proper for the year 1937. We can not agree with petitioner since depreciation involves a consideration of all the facts and experiences as well as inferences as to future probability. See American South African Line, Inc., 30 B.T.A. 753, 756. *445 Facts vary from year to year and perhaps upon the facts involved the depreciation claimed for 1937 was not excessive. Without expressing any opinion upon whether or not the basis could be adjusted in a proper case to take into account a loss in a prior year, we hold that in this case petitioner has failed to establish a factual basis upon which we could determine the proper rates of depreciation for the net loss year of 1937. Depreciation is allowed to replace the capital expended by use. If the amount of depreciation allowed plus the salvage will equal the cost (or other basis), petitioner would have returned to it the capital outlay made by it to acquire such asset. We are unable to comprehend any theory upon which we would be justified in ignoring the residual value. Petitioner has not introduced any proof that the residual values used by respondent were incorrect. In its brief petitioner states that respondent used the same residual values which petitioner had used when it computed depreciation on a much shorter life. From this fact alone it would have us infer that the values used by respondent were too high. However, the parties stipulated that the residual values used by *446 respondent "are as correct as can be estimated before the equipment is disposed of." The inference which petitioner would have us draw would be squarely contrary to the facts which the parties have stipulated. Respondent's determination is presumed to be correct and petitioner has the burden of proving error. This it has failed to do upon the record made. In view of petitioner's failure to prove error in either respect, we must sustain the determination of respondent. Decision will be entered for respondent.